# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH TAYLOR,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-7934** |
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC,**<br>  Defendant | **SECTION: "E"(3)** |

## ORDER AND REASONS

This is a maritime personal injury case. Before the Court is a motion for partial summary judgment filed by Defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette").[1] Discovery having been completed on August 14, 2018,[2] Defendant timely filed the instant motion for partial summary judgment on August 21, 2018.[3] Defendant argues, because Plaintiff's fall occurred from a piling owned by United Bulk Terminal, his injuries were not the result of the unseaworthiness of the M/V AUDREY PEARSON.[4] Additionally, Defendant argues it did not owe Plaintiff a duty of seaworthiness for an injury sustained off the vessel.[5] Alternatively, Defendant argues, if it did owe Plaintiff a duty of seaworthiness for an injury sustained while not onboard the M/V AUDREY PEARSON, the M/V AUDREY PEARSON was a seaworthy vessel that did not employ any unsafe work methods.[6] Plaintiff Joseph Taylor opposes the motion.[7]

---

[1] R. Doc. 43.
[2] R. Doc. 14 at 8.
[3] R. Doc. 43.
[4] R. Doc. 43-1 at 2-4; R. Doc. 43-3 at 1.
[5] R. Doc. 43-1 at 2-4.
[6] R. Doc. 56 at 1-4
[7] R. Doc. 49.

1

Defendant has filed a reply.[8] For the reasons that follow, the motion for partial summary judgment is **DENIED.**

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the non-moving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[13]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the

---

[8] *Id.*
[9] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[10] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[14]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[15] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[16] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[17] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[18]

---

[14] *Celotex*, 477 U.S. at 322–24.
[15] *Id.* at 331–32 (Brennan, J., dissenting).
[16] *See id.* at 332.
[17] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[18] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–

## **FACTS**

It is undisputed that (1) at all relevant times, the Plaintiff, Joseph Taylor, was employed as a deckhand on the M/V AUDREY PEARSON, a vessel owned and operated by Marquette;[19] (2) the vessel operated out of the United Bulk Terminal ("UBT"), shifting barges within the facility;[20] (3) "on June 10, 2017, while serving as a deckhand on the Marquette towing vessel, M/V AUDREY PEARSON, [Plaintiff] injured himself while attempting to tie off two empty barges;"[21] and (4) "Plaintiff was actually standing on UBT's piling when he slipped and fell into the Mississippi River.[22]

The parties dispute whether the M/V AUDREY PEARSON conducted safety meetings and whether the vessel's captain provided adequate safety training or warnings to his crew.[23] Plaintiff points to Captain Mulvehill's deposition testimony, stating he would "just tell them what we're about to do, as far as the job that we're about to do," instead of conducting a job safety meeting about the specifics of a job.[24] Additionally Captain Mulvehill's deposition testimony reveals he was "written up" for a failure to have a "pre-safety."[25] Defendant contends that adequate safety trainings and warnings were in place, as Plaintiff testified in deposition that he received safety training when hired by Marquette,[26] along with an observation and shadowing opportunity on a Marquette boat.[27] Defendant also argues the routineness of the maneuver of shifting barges made

---

16 & n.7 (5th Cir. 1992)).
[19] R. Doc. 43-1 at 1; R. Doc. 49 at 1.
[20] R. Doc. 43-1 at 1; R. Doc. 49 at 10.
[21] R. Doc. 43-3 at 1; R. Doc. 49-1 at 1.
[22] R. Doc. 43-3 at 1; R. Doc. 49-1 at 1.
[23] R. Doc. 49-1 at 1.
[24] R. Doc. 43-3 at 2.
[25] *Id.* at 8.
[26] R. Doc. 56-1 at 7-10, 13.
[27] *Id.* at 13.

certain safety meetings unnecessary.[28]

The parties also dispute whether the vessel was outfitted with proper equipment for the job.[29] Plaintiff contends a pike pole would not have allowed him to unfoul this particular line.[30] Instead, he claims he needed to board the piling to unfoul the line.[31] Defendant points to Captain Mulvehill's testimony that had he known Plaintiff was unable to reach the line, he would have told him to get the pike pole.[32] Additionally, it is disputed whether the captain failed to check the tie-off lines utilized by the crew.[33] Plaintiff's expert submits that Captain Mulvehill should have observed the lines and that it is the responsibility of both captain and crew to notice when the lines need replacing.[34]

## **LAW AND ANALYSIS**

To prevail on an unseaworthiness claim, a plaintiff must first show the vessel was unseaworthy and the unseaworthiness caused or substantially contributed to his injury.[35] A vessel's unseaworthiness may arise from several circumstances, including when its crew is ill-trained, inadequate, or engaged in an unsafe method of work.[36] When crewmembers "engage in a congeries of negligent acts that are of such a character or that continue for such a length of time that they become related to the status of the vessel . . . that congeries of acts might create a 'condition' of unseaworthiness."[37] To determine whether a vessel is

---

[28] R. Doc. 56-1 at 18-19, 31.
[29] R. Doc. 49 at 2; R. Doc. 56 at 3.
[30] R. Doc. 49-4 at 10.
[31] *Id.*
[32] R. Doc. 65-1 at 30.
[33] R. Doc. 49-1 at 1.
[34] R. Doc. 49-5 at 2.
[35] *Crane v. Diamond Offshore Drilling, Inc.*, 743 So. 2d 780, 790 (5th Cir. 1999) (citing *Johnson v. Offshore Express Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988)).
[36] *Crane*, 743 So. 2d at 790; *see also Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499 (1971).
[37] *Robinson v. Showa Kaiun K.K.*, 451 F.2d 688, 690 (5th Cir. 1971); *Daughdrill v. Ocean Drilling and Exploration Co. (ODECO)*, 709 F.Supp. 710, 712 (E.D.La. 1989) (finding the negligent acts were not pervasive enough to render the vessel unseaworthy).

5

unseaworthy because its crew is engaged in an unsafe method of work, courts will look to a number of factors, including: whether proper equipment is available, whether the crew is properly trained to do the work, whether the crew uses a proper method and/or equipment for the work, whether enough crew are available to perform the work, and whether any prior injuries occurred while performing the work.[38]

For example, in *Nichols v. Weeks Marine, Inc.*, this Court found an unsafe method of work rendered a vessel unseaworthy, when "the crew was ill-trained[,] . . . the captain ordered the crew to use an improper procedure," and the crew did not have the proper equipment to accomplish the task.[39] Conversely, in *Rogers v. Eagle Offshore Drilling Services, Inc.*, the Fifth Circuit found a vessel was not unseaworthy and had not used an unsafe method of work when there was "no evidence to indicate" the method employed was unsafe and "no one had previously been injured."[40]

Defendant has failed to meet its burden of establishing that there is no disputed issue of material fact and that it is entitled to judgment as a matter of law. To determine whether an unsafe method of work was used on the M/V AUDREY PEARSON, there must be no facts in dispute regarding the proper equipment, training, number of crew, and method for performing the job.[41] The only two undisputed facts submitted by Defendant are (1) on June 10, 2017, Plaintiff injured himself while attempting to tie off two empty barges and (2) Plaintiff was standing on a piling owned by UBT when he slipped and fell

---

[38] *Crane*, 743 So. 2d at 790 (lack of training, undermanned); *Rogers v. Eagle Offshore Drilling Servs. Inc.*, 764 F.2d 300, 303 (5th Cir. 1985) (prior injuries, proper eqiupment); *Nichols v. Weeks Marine, Inc.*, 513 F. Supp. 2d 627, 636 (E.D. La. 2017) (improper method); *see Lett v. Omega Protein*, 487 Fed. App'x 839, 846 (5th Cir. 2012) (unsafe method of using tool).
[39] 513 F. Supp. 2d at 636.
[40] 764 F.2d at 303.
[41] *Crane*, 743 So. 2d at 790; *Rogers*, 764 F.2d at 303; *Nichols*, 513 F. Supp. 2d at 636.

into the Mississippi River.[42] These do not encompass all the facts material to a determination of whether an unsafe method of work was used. The material facts not addressed by the Defendant are in dispute.

The Court finds that genuine issues of material fact exist as to whether the M/V AUDREY PEARSON allowed its crew to engage in an unsafe work method, thus rendering the vessel unseaworthy. As a result, summary judgment is not appropriate.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by Defendant Marquette Transportation Company Gulf-Inland, LLC, be and hereby is **DENIED**.

**New Orleans, Louisiana, this 23rd day of September, 2018.**

                                             *Susie Morgan*
                                             **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[42] R. Doc. 43-3 at 1; R. Doc. 49 at 2; R. Doc. 56 at 3.